CüRia, per
Nott, J.
A rule of reference to tion is in the nature of a power of attorney, conferring on the arbitrators an authority to decide upon all the matters contained in the submission. The arbitrators have no power but what they derive from the rule. If there is a time limited within which the award is required to be made, the power ceases at that time; and if the arbitrators proceed afterwards they act without autho-1 J rity. The rule is as much a dead letter as if it had never been issued, unless an authority is given to the arbitrators to extend or enlarge the time. But the submission in this case gave no such power. The award was therefore unauthorized and void. Davis v. Vass, 6 Ves. 34. 15 East, 97. 8 East, 13. Com. Dig. 664, in note. This opinion supersedes the necessity of considering the other question. I would nevertheless observe that it is laid down in some of the books, that an umpire cannot be chosen by lot. Harris v. Mitchell, 2 Vern. 485. I think that must be. taken with some qualification. Neale v. Ledger, 16 East, 52. And although it is not a method of choosing an umpire which I should recommend, yet if the case turned altogether upon that question, I should think it required some further consideration.

Motion granted.